**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>        Plaintiff,<br><br>vs.<br><br>LINDEN GITTINGS, et al,<br><br>        Defendants. | Case No. 2:19-cv-02034-APG-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Charles N. Belssner's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Plaintiff should be deemed a vexatious litigant, this case should be dismissed, and his application to proceed in forma pauperis should be denied as moot.

**LEGAL STANDARD**

The court must review a plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims

that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*. Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation

of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp.*, No. 2:16-cv-1860-GMN-NJK, 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017), citing to *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004).

## DISCUSSION

Belssner filed this action pro se against the "Clerk of District Court", "Clerk of Dept 29 Tony…employed as Clerk Judge David M. Jones", "Court Reporter", and "Linden Gittings". (ECF No. 1-1 at 1-2). There is no indication in the complaint regarding who Linden Gittings is and how this defendant is involved in the case, but all the allegations in the complaint are directed toward Justice Court personnel and the actions of Judge David Jones. Belssner alleges that "Court Reporter Tony" acted under color of law when he, "denied calendar of application to remove counsel and date (sic) [ ]." (*Id.* at 2). Belssner also alleges that Judge Jones must be removed for ex parte communications and ethics violations. (*Id.* at 4). Belssner also alleges that the court reporter in a previous case, ("Belssner vs. Samt Ltd. Justice Court Case No. 17A003616") regarding an auto accident, did not transcribe "113 pages of existing evidence which demonstrates that the defendant alter (sic) evidence @ the accident scene [ ]." (Id. at 5-6). Belssner alleges that the Justice Court staff "falsely started a miss carriage (sic) of damage" when they "alter[ed] what should have been classified a crime" regarding the Justice Court case involving the auto accident. (*Id.* at 3).

### a. Recommendation to Dismiss

Pursuant to 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous, malicious, or fails to state a claim on which relief may

3

be granted. It appears plaintiff is dissatisfied with the results of his Justice Court case and seeks this Court's review. It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Plaintiff seeks intervention by this court to reverse or amend a state court judgment, but this Court lacks jurisdiction to do so.

Belssner lists Justice Court personnel as defendants, but all Belssner's allegations are in relation to the actions of Judge David Jones, court personnel, and the attorneys involved in his Justice Court case.[1] Belssner does not allege a claim against defendant Gittings. All of plaintiff's claims against the court personnel involve actions taken by them in their quasi-judicial capacity or regarding the actions of Judge Jones, thus they are absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982). Court clerks are also entitled to immunity for their actions. "Court clerks have quasi-judicial immunity from damages for civil rights violations when they perform tasks that are integral to the judicial process." See *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979). Judges are absolutely immune from a civil suit for damages under § 1983. See *Imber v. Pachtman*, 424 U.S. 409, 435 (1976).

Plaintiff's complaint fails to state a claim upon which relief can be granted regarding the actions of Judge Jones and the court personnel. Plaintiff alleges that the Justice Court somehow altered his judgment, that the court reporter did not properly transcribe evidence, and that the clerk denied his

---

[1] The Court notes that Judge David Jones is a judge of the Nevada Eighth Judicial District Court, not the Las Vegas Justice Court as plaintiff alleges. The result of the analysis is the same because federal courts do not have appellate jurisdiction over any state court.

application to remove counsel and change the court calendar. These actions are all related to tasks that are integral to the judicial process, and the court clerks and the reporter are entitled to quasi-judicial immunity from damages when their actions are integral to judicial process.

Even under the liberal pleading standard, plaintiff's complaint is 1) fashioned as an appeal of a state court proceeding, which is outside this Court's jurisdiction, and 2) his allegations are related to judicial actions which require immunity. Amendment would be futile, and this case should be dismissed.

### b. Recommendation to Deem Belssner a Vexatious Litigant

Belssner has filed multiple cases pro se in the District of Nevada:

1. 2:15-cv-02128-GMN-PAL
2. 2:17-cv-02737-RFB-NJK
3. 2:05-cv-01496-RCJ-GWF
4. 2:15-cv-00672-APG-PAL
5. 2:17-cv-02016-JCM-EJY
6. 2:08-cv-01039-JCM-PAL
7. 2:17-cv-01650-KJD-BNW
8. 2:18-cv-02263-RFB-CWH
9. 2:19-cv-02034-APG-VCF
10. 2:17-cv-01648-JCM-VCF
11. 2:17-cv-01666-APG-NJK

This case is not the first time Belssner has filed a lawsuit regarding the actions of judges. See 2:08-CV-1039 JCM-PAL, ECF No. 39 (Order adopting report and recommendation to dismiss case against Judge Jackie Glass, Chief Justice A. William Maupin, Justice Michael Cherry, and Justice Nancy Saitta for failure to state a claim because judges are absolutely immune from damages for acts

5

performed within their judicial capacities and are absolutely immune from a civil suit for damages under §1983.)

All but one of the above cases (excluding the instant case) have been dismissed, most often for lack of jurisdiction or for failure to state a claim. See 2:15-cv-02128-GMN-PAL, ECF No. 3 (Order adopting report and recommendation to dismiss case for lack of subject matter jurisdiction); 2:17-cv-02737-RFB-NJK, ECF No. 5 (Order adopting report and recommendation to remand case back to Justice Court where plaintiff attempted to remove case due to the alleged failure of the Justice Court to provide disability accommodations); 2:05-cv-01496-RCJ-GWF, ECF No. 33 (Order adopting report and recommendation denying Belssner's request for remand regarding Medicare benefits); 2:15-cv-00672-APG-PAL, ECF No. 42 (Order dismissing case because most of his allegations were untimely and the timely allegations were not plausible); 2:17-cv-01650-KJD-BNW, ECF No. 18 (Order adopting report and recommendation to dismiss for failure to state a claim and failure to file an amended complaint); 2:18-cv-02263-RFB-CWH, ECF No. 2 (Order dismissing case for lack of subject matter jurisdiction); 2:17-cv-01648-JCM-VCF, ECF Nos. 7 and 12 (Order adopting report and recommendation to dismiss complaint with prejudice and order revoking plaintiff's in forma pauperis status and finding that plaintiff's claims are frivolous); and 2:17-cv-01666-APG-NJK, ECF No. 14 (Order dismissing case without prejudice because Belssner's amended complaint did not plausibly allege a constitutional violation against non-state actors).

Only one other case in the District of Nevada is still pending. See 2:17-cv-02016-JCM-EJY, ECF No. 8 (Report and recommendation to dismiss case pending before the Court). Belssner also mentions in his complaint that he has had at least three lawsuits, "dismissed as frivolous, malicious, or failed to state a claim" (ECF No. 1-1 at 7-8). Belssner states in his complaint that he filed at least one lawsuit in another U.S. District Court against Transunion LLC for "willful intent to destroy persons (sic) credit" in

the "Central District Riverside, CA ED-cv-14-01943"; 2) (ECF No. 1-1 at 7). Belssner has also apparently filed numerous cases in Nevada state courts but compiling a complete list of his known cases would be impractical.

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Belssner has a history of filing pro se vexatious and duplicative lawsuits. Belssner does not have a good faith motive in pursuing frivolous litigation and he has abused the judicial process by filing lawsuits that he knows will be dismissed. Plaintiff's actions have posed an unnecessary burden on this Court and are a vexatious abuse of the judicial process. Plaintiff is likely to continue his abuse of the judicial process. Requiring Belssner to seek leave prior to filing new lawsuits is narrowly tailored because he will still have access to this Court by requesting leave.

Although the Court is raising this issue sua sponte, Belssner will have notice and a chance to be heard through the objection process. Belssner has previously demonstrated that he understands the objection process in this Court and has used it to respond to reports and recommendations before the Court entered its final orders. (See 2:17-cv-02737-RFB-NJK, ECF No. 4; 2:17-cv-02737-RFB-NJK, ECF No. 4; 2:05-cv-01496-RCJ-GWF, ECF No. 27; 2:08-cv-01039-JCM-PAL, ECF No. 7; and 2:17-cv-01650-KJD-BNW, ECF No. 17).

ACCORDINGLY,

IT IS RECOMMENDED that plaintiff Charles N. Belssner's complaint (ECF No. 1-1) be DISMISSED for failure to state a claim.

IT IS FURTHER RECOMMENDED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that be Charles N. Belssner deemed a VEXATIOUS LITIGANT.

IT IS FURTHER RECOMMENDED that Charles N. Belssner be required to seek LEAVE of Court before filing any additional actions in the District of Nevada.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO RECOMMENDED.

DATED this 24th day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE